CABRANES, PLAINTIFF AND APPELLANT, v. CENTRAL VANNINA, DEFENDANT (GUAL ET AL., WARRANTORS AND APPELLEES).

APPEAL from the District Court of San Juan in an Action for Nullity of Contract, Etc.

No. 2328.—Decided July 29, 1921.

DEMURRER—MOTION TO STRIKE.—A ruling sustaining a demurrer is not erroneous because it was made while a motion by the plaintiff to strike out the demurrer was pending.

PROPERTY OF MINOR — AUTHORIZATION OF COURT — ATTORNEY IN FACT — PATRIA POTESTAS.—An attorney in fact having been empowered in 1890 by a mother with *patria potestas* over her minor child to sell real property belonging to the minor, he could ask the authorization of court to make the sale, which, according to subdivision 2 of section 2015 of the Spanish Code of Civil Procedure, need not be made at public auction.

ATTORNEY IN FACT—EXTINCTION OF POWER—PLEADING.—A complaint in an action for the annulment of the acts of an attorney in fact performed after the termination of his power does not state a cause of action if it fails to allege that the attorney in fact had knowledge that his power had terminated.

COSTS—DISCRETION OF COURT.—The allowance of costs is discretional with the court and the record does not disclose an abuse of discretion by the court below in imposing the costs upon the plaintiff.

The facts are stated in the opinion.

*Messrs. Guerra Mondragón & Soldevila* for the appellant.

*Mr. D. Monserrat, Jr.,* for the defendant.

*Mr. J. Texidor* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Central Vannina is the defendant in this action, but the said defendant moved that the former owners of the property in suit be summoned as warrantors and José Gual and Tomás Gual appeared and demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment was entered dismissing the complaint.

The plaintiff appealed and alleges that the court erred in hearing the demurrer on which the judgment was based before lawful notice had been given to the plaintiff.

According to the appellant's brief this first assignment

of error is based on the fact that although he was duly notified of the motion of the appellees that the demurrer be set for a hearing on May 31, 1920, the clerk did not give him notice that the hearing on the demurrer had been so set. There is no showing in the record that the clerk failed to give him such notice; therefore we need not consider this question. Besides, the hearing did not take place on that day, but on June 7.

The second asignment of error is that the court should not have considered the demurrer when the plaintiff had made a motion to strike it from the record, which was heard long before the demurrer presented by the appellees was ruled on.

After the demurrer of the appellees had been filed and before it was heard the plaintiff made a motion to strike it from the record, but the demurrer was heard two days later and disposed of before the motion to strike had been ruled on, the appellant's complaint now being that the demurrer was ruled on without first ruling on the motion to strike.

We find in this no prejudice to the plaintiff, for notwithstanding the fact that the demurrer had been disposed of, the court could set aside its ruling if it afterwards decided to strike out the demurrer.

These questions having been settled, we will now consider the third assignment of error based on the fact that the complaint was dismissed because it did not allege facts sufficient to constitute a cause of action.

The fundamental allegation of the complaint is that the plaintiff being under the *patria potestas* of his mother and both residing in Spain, on April 11, 1890, the mother, for herself and as the lawful representative of the plaintiff, gave a power of attorney to Ramón Valdés Cobián authorizing him, among other things, to sell properties; that on November 21, 1890, the attorney in fact was authorized by the Court of First Instance of Vega Baja to sell the property

of the plaintiff which is the subject-matter of this action, and that the attorney in fact made the sale on December 3, 1890, without a public auction and after the plaintiff's mother had lost her *patria potestas* over the plaintiff by contracting a second marriage in Spain on September 26 of the same year.

As this court held in *Benítez Hermanos* v. *Registrar of Property,* 17 P. R. R. 221, a mother with *patria potestas* over her child, in the use and exercise of the rights inherent thereto, may confer power upon a third person to execute, as her representative, such acts as the cancelation of a mortgage lien created in favor of the minor, and that act involves an actual alienation.

In this case the attorney could ask for the authorization of the court to make the sale, because being authorized by the mother to sell the properties of her minor child, he could take the steps necessary for making the sale, and it was not necessary that the sale should be made at public auction, because this is not required when the father or the mother has the *patria potestas,* according to subdivision 2 of section 2015 of the Spanish Law of Civil Procedure.

It is true that according to section 168 of the Spanish Civil Code the mother of the plaintiff lost the *patria potestas* over him when she married a second time, and that for this reason the power which she, as the mother of the plaintiff, had conferred upon Ramón Valdés terminated, but notwithstanding the fact that the power then terminated, what the agent had done in ignorance of the cause which extinguished the power is valid and will produce all proper effects with regard to third persons who may have contracted with him in good faith, according to section 1738 of the said Civil Code, and inasmuch as good faith is always presumed, in order that the sale of the plaintiff's property by the attorney in fact should be considered void it was necessary to allege in the complaint that he made the sale knowing that the

plaintiff's mother had married a second time, for in the absence of an allegation that he had such knowledge the sale appears to have been made validly. And as no such affirmative allegation was made in the complaint, it does not state facts sufficient to constitute a cause of action and the court did not commit the error assigned.

The last ground of appeal refers to the imposition of the costs upon the plaintiff.

The allowance of costs is discretional with the court (*Zorrilla v. Orestes et al.*, 28 P. R. R. 698) and the record does not disclose an abuse of discretion by the court below in imposing the costs upon the plaintiff.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro and Hutchison concurred.

Mr. Justice Wolf dissented.